Mr.' Justice-Johnson,
dissenting.
The facts appearing upon the records, from the count, pleas, apd replications, are these. This action was on a bond given for the. faithful discharge of the office of-the Cashier,, by Philip H. Minor. It was joint and several. The .defendants, craved' over jointly, and pleaded performance, to which plaintiff replied.
They afterwards had leave to withdraw the.joint pleas;,and the four securities jointly filed various pleas, .to which plaintiff replied; and issue being taken, proceeded to trial, and obtained this verdict.
After the verdict,, the principal to the bond Was ruled to plead, and he-.then files a variety of pleas, similar .in'effect, to those pleaded by the securities. The.Court then.gave judgment upon the verdict, and the plaintiff’s attorney enters this nolle-prosequi; and judgment is given for the principal, on the 'bond. That the plaintiffs take nothing by their bill, but for their false clamour, be in mercy, and that the defendant go thereof, without day, and receive hiV costs.
it was insisted by the' defendants, that, in this state of the pleadings and reeprd, the plaintiffs ought riot to have had *81 judgment belowr — that there is error, and the judgment should be reversed. What further order this Court wouid be bound to render upon a reversal, it is not material to inquire. I readily assent to the doctrine, that, in adjudicating ■ upon questions- of practice, a Court should have regard to public convenience; but it would be extending this principle to the violation of its own spirit and intent, if carried to the extent of overturning known established rules, both of law and practice.
To this extent, it appears to me, the present decision goes; and that this judgment cannot be affirmed, without shaking as well established principles, as adjudged cases; and opening a door to inconveniences, which must soon compel this Court to retrace its steps.
The judgment, as it stands below, is against four out of five joint and several co-obligors; and the obligor omitted, or'ra-. ther who has judgment in his favour, is the Cashier, for whose good conduct in office, the other three became bound: Now,' this judgment is either a bar to a future suit against the principal, or it is not. If a bar, then the record exhibits the inconsistent case of four being made liable for one, who was not liable himself. And if it is not a bar, then, by possibility, it may be established by the verdict of a future jury , that the co-obligor, for whose misfeasance, alone, these defendants have had judgment against them, had, in fact, committed no misfeasance. A rule of practice, .that may lead to such consequences, cannot rest upon .public convenience.
Nor is it more easy to reconcile it to princinlc. No authority need be cited, to establish, that wherever Igment ought to have been arrested below, this Courtis bound to reverse for error. Now this judgment is against ond of the canons of the law of contracts. It was at the option of the plaintiff, whether to treat the bond as a joint or several contract. He has elected to treat it as joint; and.must, therefore, abide by'the law of joint contracts, as to both right and remedy; and, up- . on these; when under seal, it is an invariable rule, that all must be sued, if all have sealed the instrument, and are in life.
It is true, that, in general, the non- joinder of co-obligors must be pleaded in abatement; but it would be oppressive and inconsistent to apply this rule to a case, in which it-was impossible to plead in abatement, and that was precisely this case; since the discharge of the principal from the action, was produced by the act of the plaintiff, after judgment, at a time when it was impossible, by any form of pleadings, for the defendants to avail themselves of this right. But this case comes within an exception to the general rule on the subject .of pleas in abatement; since, by'the plaintiff’s own showing, in his declaration *82 and replication, all the co-obligors named in the instrument, seal-,cd it, and were' in life at the .commencement and close of the suit.
This distinction, if it be necessary to cite authority for it, clearly appears from comparing the case of Rice vs. Shultz, 5 Bur. Reports, 2611, with the case of Hermer and Moore, noticed in the report of that case. In the one, it was necessary to plead in abatement, because the facts, did not appear on record, which were -necessary to- maintain the defence. In the other; the judgment was arrested, because the facts of the plaintiff’s own showing, madeout that he ought not to have judgment, which. Were, all had sealed the instrument-- — and all were alive. It cannot be questioned, that in a joint, contract by five, where all remain equally bound — all in life, and all within reach of the process; more especially, where they have been all actually arrested, the plaintiff mus.t recover against alii or none. This is that case; and yet the plaintiff is allowed here to- take judgment “against four, and discharge the fifth, the principal, by nolle prosequi,' after-judgment.
It cannot be doubted,, that had this nolle proseqwi been entered) before trial, the defendants must have been permitted to pléad if, puis dañen continuance, and that the plea must have been' sustained. And what reason is there, for placing them in a' worse situation, by suffering the nolle prosequi to be entered after judgment ? It is said they severed in pleading,- and suffered the cause to go to trial, without objection. But was it in the'power-of these defendants, to compel their co-obligors to join them in pleading? o'r if the plaintiff choose to proceed erroneously to trial, were 'the defendants, under any'obligation to arrest him, and set him right ? It das his own folly, if he ruled them to trial, or consented to go -to trial, or committed any other error, in proceeding to judgment I have stated it fo be not indispensable, in my- view of the subject, that the nolle.prosequi should be a bar in this case to a new suit against the principal. The derangement of the rights and liabilities of the- parties,, produced by it, appears a sufficient abjection both,-to the principle and practice. For, certainly, it goes to enable a plaintiff to recover, by'this device, ■ against parties, who otherwise could have defeated his action by suitably pleading.. By a novel practice, as it rebles to joint contracts, he is here, permitted, to evade an important legal principle. But, if this nolle prosequi can be shown to be a: bar to' his ac.tion against the principal, co-obligor, it would seem to be in-contestible, that this judgment ought to be reversed. And I am yet to learn, that, in a joint action in contract against several, a nolle prosequi as to the whale ketiou, against one. is not a baT-as to him.
*83 The cases are very few in the Books, in which the effects of a nolle prosequi, in such a case, has been tried by the only suf-' ■ficient test — a plea in bar, to a suit upon the same contract. But as far as they have gone, they maintain the bar.
If a- bar, in cases in which the suit is against a single de-‘ fendant, there can be no reason assigned why it should not be a bar as against one of the several defendants. And to this point, Beecher’s case, reported in 8 Coke, 58. Croke James, 211, is direct and positive.
. That was a suit upon a bond, and the judgment there is nearly in the words of the judgment in this case.' On a second-action, upon the .same-contract, this was held to Le a-bar; and it became necessary to remove the judgments, by a'writ of error, for some technical informalities,, before this obligee could recover in the original contract.
It is true, that Serjeant Williams 'has said, in his note to 1 Saunders, (207 a.) lt that a nolle prosequi is now held to he no. fear to a future action, for the same cause, except in.those cases where, from the nature of the action; judgment and execution against one, is a satisfaction of all the damages sustained by the plaintiff.”
And by reference to the next page of his' note,- it -appears; that the exception here introduced, is intended to embrace ac-. -tions for torts; and therefore his rule is intended to apply to •actions on-contracts.
But the authorities he cites, are far from bearing him out in his doctrine. The case of Cooper vs. Tiffin, (3 T. R., 511,) upon which he relies, decides nothing but a question of costs-; and the position, that a nolle prosequi is no more than, a discontinuance, and the party may sue again, is only zxi obiter dictum', in case -where the point was not presented...
So, also, of his other case, in 1 Will. 89. The. facts did not raise the question on the effect of the nolle prosequi, as to-the defendant who was discharged by'it'; and the Judges, in-considering whether the plaintiff could have judgment against some of the joint contractors, where the other was discharged by bankruptcy, expressly decid'e upon the ground, that he being discharged by law, leaving the other bound for the debt, produced an analogy between that case and the case of a suit in-trespass, where oneonlymight.be sued separately-. But it is.said, and so 'Serjeant Williams assérts, " that the true nature and extent of a nolle prosequi, in civil-cases, was not accurately de-•lined and ascertained, until modern times.”
My own opinion is, from all the investigation I have been able to make, that it was much better understood, in forxnpr times, than it is at this day. That if it were now better understood, we should perceive fewer of those inconsistencies which *84 are supposed to exist in the decisions on this subject. Thus Serjeant Williams-has mixed up the cases on ¿oris, with those on contracts, in such a manner as could only produce confusion. To sustain the doctrine that-a nolle prosequi, in an action of defat, is a bar to another suit oh the same bond, he quotes Green vs. Charnock, (Croke Eliz., 762,) which was trespass quare clausam,fregit. And for other cases which he says establishes the principle “that a nolleprosequi is not of the nature of a.'retraxit, or a release; but an agreement only, not to proceed as to some of the defendants, on a part of the suit.” Without restricting the doctrine tp any class of cases, he cites ,a string of authorities, in every one of which- the decisions were in actions of. trespass, or tort.
Yet it cannot be contended that the use of the nolleprosequi in Cases of tort, in which the defendants may be joined and dis-joined at the pleasure of the plaintiff, can afford precedent or authority for the use of it, in tases of joint contract; in which the law, regarding the nature of the-contract, and the rights of the parties, imposes on the -plaintiff the obligation to sue them .jointly.
To me it appears that there is afaunc ant authority to prove that the nolleprosequi, though entered by attorney, with the judgment that defendant “ eat sine die,” has the effect of a retraxit'. Lord Coke certainly places them on the same, foot, both in his Institutes, (1 Inst. 139,) and his comment upon Beecher’s case (8 Rep.,) and in both instances he describes the nolle prosequi as one of two kinds of retraxit, appropriate to different cases, but both producing a bar. And yet in one only is the term retraxit introduced into the-entry of judgment. (See also 2 Rolls Abridg. nolle prosequi.)
In Green vs. Charnock, (Cro. Eliz. 762,) they are certainly treated as s'yiionymous and equivalent. That was trespass, qua-re clausam fregit, against C. & SI S. made default and judgment of nil dicit was then taken against him. C. pleaded in bar, plaintiff replied, See. and judgment in demurrers for plaintiff. A nolle prosequi was then entered against S. and writ, of inquiry and judgment against C. And the case proceeds; “ thereupon-they brought error, and the error assigned, was because this, nolle prosequi is against one, .when judgment is taken against both; being that a retraxit against one is as strong as a release against the one, the which being to one defendant, is a good discharge to both.” So again, in the case of Dennis vs. Payne, Cro., ch. 551, P. & P. gave-their joint and several bond to D. who sued the one severally, and after plea, entered a .retraxit. He afterwards brought suit upon the bond, against the other, P. who plead the retraxit to the-first in bar. There was .no question made upon its being a bar, either direct *85 or by cstoppal; as to the obligor first sued, it is, in terms, admitted. But the benefit of that discharge was claimed by the second P. and on this the judges divided, one maintaining that its effect was that of a release, and the other, that of an cstoppal, only to be. taken advantage of by him, in whosp favour it was entered; and Croke, who held it to be an cstoppal, identifies it with a nolle, prosequi, by observing that it is “ quasi an agreement that he will no further prosecute; “non vult ulterius prosequi.” So that both admit ir to be a bar against the one discharged. So in Hobart, 70, and in 3 Kebble, 332, p. 31, in the year 1674; nolle prosequi and retraxit are considered as synonymous. So in Silky’s Practical Register, in 1719, a nolleprosequi is defined thus : “this is, that the plaintiff will proceed no further in his action, and may be as well before as after verdict-; and is stronger against the plaintiff than a nonsuit, fora nonsuit is a default lor non-appearance, but this is a voluntary acknowledgment that he hath no cmsc of action:” (Title Nolle Pros.)
So Serjeant Salkeld, who comes down to the time of Queen Ann, riders to Beecher’s case for the law of retraxit', and gives the definition oi retraxit in the words of the entry of a nolle prosequi, (Title Retraxit, 3 Salk.) So in 4 Wood, 87, in .the year 1691, it is distinctly asserted, that an entry “ of a venithicin curia, etfalitur hie in.cuña, with a judgment that defendant eat und'c sine, die,” is equivalent to a retraxit. At what period a different idea begun to prevail, I have not been able to discover; certainly 1 can find-no adjudged case to support it.
In the case of Walsh vs. Bishop, in Cro. Char. 239. 243, re--icrrcd to by Serjeant Williams, as introducing a different doctrine, is directly against him. That was an action.of trespass and battery against two; they severed in pleading, and after verdict against both, a nolle prosequi was entered against one, and the other moved it in arrest of judgment. In that case, it is admitted, in terms,' by the Court, that as to the one, the nolle prosequi was an absolute bar. And by reference to the same case, in page 239, it will be seen, that the argumo.nl rested upon the right óf a plaintiff to proceed against one of several defendants in trespass.
If this plaintiff, ever had a right to proceed- against these four defendants, in originating this suit, 1 should have felt' no doubt. That is the case in trespass, that is the case where, one defendant is bankrupt,, or an infant, or pleads ne. unques executor. 1 Will. 89. 3 Espin. R. 76. There is-a modern book of practice of great respectability, (I mean Sellon, title, Nolle Prosequi,) in which this doctrine’is summed up to my entire satisfaction. The form of the entry is there given in words, and conforms entirely to the entry in this ease, except that the words are here added, that “ the plaintiffs take nothing by their *86 bill,.but for their ‘.false clamours be in mercy;’” which can at least detract nothing from' the effects of the judgment. Yet it is there laid down, as the law of his day, that such a judgment, when it goes to • the whole cause of action, operates in effect, as a retraxit. The judgment in this case goes to the .whole cause of action, and as between the plaintiff and the Cashier, is of the same effect, as if there hád been no other defendant to'the action. In a subsequent part of the-article, the same author, (Sellon,) recognises the distinction between cases of trespass, or tort, and cases of'contract; and lays down the rights of the .parties in each, In. accordance with the views I entertain on the subject, to wit: that if the nolle prosequi be entered, so as to produce any derangement in- the rights of the defendant, to deprive them of a legal defence, or subject them to increased difficulties or liabilities, it is error.
• The case in Maul & Selwyn, which was supposed to have overruled, the previous decisions, is in. perfect accordance with the/n; for, although the defendant had pleaded non assumpsit, he had also pleaded his discharge as a bankrupt. On the contrary, if the language of the Court in that case 'be considered as affording the true rationale of the entry of the nolle prosequi, it would be fatal to the plaintiffs in this cause. The Court. say, it amounts-to an- acknowledgment that the one defendant had a defence. But what defence did this co-obligor set up.that the other defendants ought to have the benefit of? His pleas, were, in terms, those which had been pleaded by these co-obligors. If this confession of plaintiffs went to those pleas, then were- these defendants discharged,, since they could not be liable if he was not guilty.
■It is a question of no importance — one of no influence upon the law of the case, whether a nolle prosequi may be entered before,, or after judgment, or when i't may be entered; otherwise than as it affects the' legal relations of the parties, and the rules which govern suits at law.
And here, I think, I may very confidently maintain, that in no case can a nolle prosequi be legally entered, as to one of the defendants, unless the suit might originally have been maintained against those who remain; or, unless the remaining defendants might have availed themselves of pleading the non-joinder of their co-obligor, if their rights were affected by his exclusion from the action.-
In the first class are comprised all actions of .tort, in which no prejudice is done to the defendants, since their co-deffcnd-aut need not originally háve been made -a party. And I may add also, .the case.of bankrupts- and infants, both of whom, when joint contractors, may be admitted as defendants, upon declaring against their co-obligors, according to the-truth of the *87 case.- They may, also, without prejudice to their co-defendants, be discharged by nolle prosequi; but even as to them, it seems the precedents imposed a restriction 5 for, it is ndt permitted, if they have blended their fate with that of their co-defendants, by joining in their pleas. They have then waived their privilege. If their pleas impart no waiver of their privilege, the. right of the plaintiff to his nolle prosequi, as to them, is conceded; because the relations of the parties are not altered, nor their rights in any way prejudiced. But I conceive the nolle prose-qui cannot be entered at. any point of time, when it would place the defendants in a worse situation, or deprive them of any advantage of making their defence.
Surely the precedents for entering the nolle prosequi after judgment in actions of trespass, against some'defendants, and going on to levy satisfaction from the’rest, can afford no precedent here; since it is, in the one case, what the law enjoins; in the other, what it forbids.
Nor are the precedents of cases in which the one defendant never was bound, or is discharged by operation of law, without discharging the other,- any better authority. In all these cases, the relative rights and liabilities of the'parties remain the same. No legal absurdities can ensue, and no more is given against them, by the judgment, than what could have been legally claimed of them by the action.
There is one curious result produced by this decision, which, is not among the least of the objections to rendering a judgment for the defendant in error." It cannot be contested, and the whole' argument is admitted, that if the discharge of the principal produce a bar -in his favour, this judgment should be. reversed for .error. But the conclusion, that it is no bar, is now to be deduced from a string of decisions, in evert one of .which, Serjeant Williams- himself admits, that no recovery could be had against the1 defendant who has been discharged by the nolle prosequi. It is true, he attributes this,fear to the nature of the action; blit this is at least-acknowledging that the material question, in the trespass cases, never could arise in the present rease.' In the only case, however, even in trespass, in which the question in this .case came distinctly before the Court, I mean the case of Green vs. Charnock, (1 Croke. 762;) in which there was an interlocutory judgment agalnst S.} and judgment pronounced against C., and a no/leproseqtd as to S.; it was adjudged, that the nolle prosequi as to S. was a release to him, and therefore to C.; and the judgment against C.„ -was reversed in error brought, and yet. there they did not join in pleading. If, in the present case, the defendants -had all pleaded, whether jointly or severally, and verdict had been.for the one defendant, on'any plea to the merits- it is clear, that, not- *88 withstanding1 a verdict had passed for the plaintiff against the remaining four, he could not-have had judgment, (1 Sound. 317.) And the distinction between the actions of debt and trespass on this point, has been, until now, considered as known and established, (1 Plow. 66. 6. 8 Rep. 120. 133. 2 Lilly Ab. 210. 107.) Upon the whole, I am very clear, that this judgment ought to he reversed, and judgment below entered for defendants.
Judgment affirmed, with coats.